IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

DEAN KONTER,

                                                     ORDER

                Plaintiff,

                                        08-cv-0159-bbc

        v.

CSC CREDIT SERVICES, INC.,

                Defendant.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

      In this lawsuit brought under Fair Credit Reporting Act, 15 U.S.C. § 1681, plaintiff Dean Konter alleges that defendant CSC Credit Services, Inc. negligently and willfully violated his rights under the act by failing to properly investigate and remove errors on plaintiff's credit report.  On April 6, 2009, I granted defendants' motion for summary judgment, entered judgment in its favor and closed the case.  Now before the court is plaintiff's timely filed  motion to alter or amend the judgment pursuant to Fed. R. Civ. P. 59.  Dkt. #78.  Plaintiff's Rule 59 motion will be denied.

      The purpose of a Rule 59 motion is to bring to the court's attention newly discovered evidence or a manifest error of law or fact.  Bordelon v. Chicago School Reform Bd. of Trustees, 233 F.3d 524, 529 (7th Cir. 2000).  It is not intended as an opportunity to reargue

the merits of a case.  Neal v. Newspaper Holdings, Inc.  349 F.3d 363, 368 (7th Cir.  2003).  Nor is a Rule 59 motion intended as an opportunity for a party to submit evidence that could have been presented earlier.  Dal Pozzo v. Basic Machinery Co., Inc., 463 F.3d 609, 615 (7th Cir. 2006) (citing Frietsch v. Refco, Inc., 56 F.3d 825, 828 (7th Cir. 1995)).  If the motion is timely, the movant must "clearly establish" his or her grounds for relief.  Romo v. Gulf Stream Coach, Inc., 250 F.3d 1119, 1122 n.3 (7th Cir.  2001).

Plaintiff argues that the court was mistaken in granting summary judgment in favor of defendants because (1) the court mischaracterized certain facts in its summary judgment order; (2) plaintiff presented sufficient evidence of emotional distress damages caused by defendant; and (3) he demonstrated that defendant failed to comply with requirement of the Fair Credit Reporting Act in willful disregard of plaintiff's rights.  However, plaintiff's motion raises no manifest errors of fact or law.

First, plaintiff disputes the court's finding that AllTel received a credit report from only Trans Union.  Plaintiff argues that his deposition "proves" that AllTel received a credit report from both Trans Union and *defendant*.  This fact would not alter any of the analysis in the previous order.  The AllTel incident occurred in October of 2006, two months  before plaintiff notified defendant of any problems with his credit report.  Because he cannot recover for any denial of credit or adverse credit decisions he suffered before he notified the credit agency about the disputed information, this factual clarification is of no consequence.

2

McKeown v. Sears Roebuck & Co., 335 F. Supp. 2d 917, 929-30 (W.D. Wis. 2004).

Second, with respect to plaintiff's contention regarding his evidence of emotional distress, plaintiff's argument is merely a rehash of the arguments he raised in his opposition brief. Defendant moved for summary judgment on the ground that plaintiff could not prove actual damages entitling him to relief under the Act. Thus, plaintiff had sufficient notice and opportunity to gather evidence establishing a link between defendant's actions and plaintiff's alleged distress. However, he failed to draw the necessary link between his emotional distress over the credit dispute and defendant's actions in his materials for summary judgment. Accordingly, no reasonable jury could find that plaintiff suffered actual damages and it would be improper to allow the jury to infer damages based on mere speculation regarding how defendant's actions affected plaintiff. Trask-Morton v. Motel 6 Operating L.P., 534 F.3d 672, 678-680 (7th Cir. 2008) (improper to allow jury to infer liability when insufficient evidence to establish fault); Bell v. Duperrault, 367 F.3d 703 at 708 (7th Cir. 2004) (plaintiff's conjecture that jury could have disbelieved defendant's evidence insufficient to grant summary judgment).

Last, plaintiff disputes this court's finding that defendant's actions were not willful violations. Again, plaintiff's motion is merely reargument of issues he raised in his opposition brief without illustrating any manifest error of law. Plaintiff has offered no evidence that defendant's action were in reckless disregard of plaintiff's rights. McKeown,

335 F. Supp. 2d at 939 ("To show willful noncompliance, a plaintiff must show that the defendant 'knowingly and intentionally committed an act in conscious disregard for the rights of others.'").  Instead, he argues that defendant's failure to comply with every single detail of the statute created a presumption of "willful disregard" sufficient to send this case to a jury.  Although the Act was intended to regulate the procedures of credit reporting agencies and protect the rights of consumers, it was not Congress's intent to turn the Act into a strict liability statute and hold defendant liable for every minor error.  Anderson v. Trans Union, LLC, 345 F. Supp. 2d 963, 976 (W.D. Wis. 2004); see also Philbin v. Trans Union Corp., 101 F.3d 957, 970 (3d Cir. 1996).  In asking this court to reconsider its ruling on this matter, plaintiff is arguing that any failure to comply with any requirement of the Act, no matter how trivial, is a basis for a willful violation.  That is not so.  Plaintiff needed to put forth evidence of defendant's reckless disregard of the Act and failed to do so.  Therefore, I see no reason to reconsider the ruling at summary judgment.  Because he has not demonstrated any manifest error of law or effect, plaintiff's motion will be denied.

ORDER

IT IS ORDERED that plaintiff Dean Konter's motion to alter or amend the
judgment, dkt. #80, entered in this case on April 6, 2009 pursuant to Fed. R. Civ. P. 59 is
DENIED.

Entered this 23rd day of April, 2009.

BY THE COURT:

/s/

_____

BARBARA B. CRABB
District Judge

5